UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5797 CAS (JCx) | Date | February 6, 2011 |
|---|---|---|---|
| Title | *AMY ROBINSON v. DEBRA WILLIAMS* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I.   INTRODUCTION

On June 7, 2011, plaintiff Amy Robinson requested a temporary restraining order ("TRO") against defendant Debra Williams in the Los Angeles Superior Court, requesting that court to enjoin alleged harassment, trespass, and vandalism by defendant Williams.  On July 14, 2011, defendant removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1).  Dkt. No. 1.

On July 27, 2011, defendant filed the instant motion to dismiss.  Dkt. No. 6.  On October 3, 2011, the Court held a hearing on defendant's motion, at which plaintiff was granted leave to file an opposition.  Plaintiff filed her opposition on October 17, 2011.  Dkt. No. 16.

## II.   DISCUSSION

A civil action against an officer of the United States for acts committed under the color of office may be removed to federal court, only if the officer asserts a federal defense.  Mesa v. California, 489 U.S. 121, 124-25, 129 (1989).  28 U.S.C. § 1442(a) is a "pure jurisdictional statute" for which "the raising of a federal question constitutes the federal law under which the action against the federal officer arises . . . ."  Id. at 136.  The assertion of a federal defense provides the federal question required in § 1442(a) removals.  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5797 CAS (JCx) | Date | February 6, 2011 |
|---|---|---|---|
| Title | *AMY ROBINSON v. DEBRA WILLIAMS* | | |

In an action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., federal employees have "absolute immunity" from tort claims arising from acts performed in their official capacity. Osborn v. Haley, 549 U.S. 225, 229 (2007). To assert this defense, the Attorney General must certify that the employee was acting within the scope of employment at the time the conduct occurred and the United States must substitute itself as the defendant. 28 U.S.C. § 2679(b)(1).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

In this case, defendant asserts a federal defense under the Federal Tort Claims Act, arguing that plaintiff's claim is "cognizable only under the FTCA." Mot. Dismiss 7. However, defendant has not provided a certification from the Attorney General that defendant acted within the scope of her employment, nor has the United States been substituted as the defendant, both requirements for asserting a federal defense under the FTCA.

## III. CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE within **twenty (20) days** why the instant action should not be remanded for lack of subject matter jurisdiction because defendant failed to provide the Attorney General's certification and because the United States has not substituted in as the defendant.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMOM | |